IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DANIEL Z. MALDONADO and
BRANDON C. ARMSTRONG,

                Petitioners,                                     ORDER

      v.                                                  08-cv-339-bbc

BRADLEY HOMPE, Warden,
Stanley Correctional Institution
and RICK RAEMISCH, Secretary,
Wisconsin Department of Corrections,

                Respondents.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      In an order dated June 11, 2008, I calculated petitioners' initial partial payments of the $350 filing fee each owes for having filed this lawsuit and gave them until July 2, 2008, in which to make their payments. Now petitioner Armstrong has submitted a letter dated June 13, 2008, that I construe as a motion to waive the initial partial payment. In his motion, petitioner Armstrong says that he is $185.90 in debt and has "no way of coming up with the[] funds."

      Under § 1915(b)(4), a prisoner may not be prohibited from bringing a lawsuit if "the prisoner has no assets and no means by which to pay the initial partial filing fee." Petitioner Armstrong may think he falls into the category of prisoners who have "no means" to make

1

an initial partial payment, but controlling authority holds otherwise. His immediate shortage of income is not sufficient by itself to allow me to conclude that he lacks the means to pay the initial partial payment pursuant to 28 U.S.C. § 1915(b)(4). In Newlin v. Helman, 123 F.3d at 435, the court of appeals stated,

> [I]t is not enough that the prisoner lack assets on the date he files. If that were so, then a prisoner could squander his trust account and avoid the fee. Section 1915(b)(4) comes into play only when the prisoner has no assets and no means by which to pay the initial partial filing fee. A prisoner with periodic income has "means" even when he lacks "assets."

Further, in measuring periodic income, § 1915 requires courts to look backward in time rather than forward. In other words, in determining whether a prisoner has the means to pay, the court cannot consider representations the prisoner makes about his future income or lack of it. Rather, the court must look at the prisoner's income from the previous six months. 28 U.S.C. § 1915(a)(2).

In this case, I was able to calculate petitioner Armstrong's initial partial payment based on information he provided in a trust fund account statement he submitted in connection with another lawsuit he filed in this court, Maldonado v. Hompe, 08-cv-308-bbc. This statement showed that for the six-month period immediately preceding the filing of the complaint, petitioner received regular monthly deposits to his account. True, the majority of his income is being withheld to pay various debts. However, that does not mean that petitioner will be unable to make the payment he has been ordered to pay in this case.

2

Initial partial payments assessed under § 1915(b)(1) are to receive priority over petitioner's other debts. Walker v. O'Brien, 216 F.3d 626, 628 (7th Cir. 2000)(initial partial payments are to "come off the top" of all deposits to prisoner's account). Thus, the fact that petitioner owes money for other debts does not prevent him from utilizing new deposits to make an initial partial payment in this case. Therefore, petitioner Armstrong's motion to waive the initial partial payment will be denied.

It may well be that petitioner Armstrong will not be able to pay the initial partial payment he has been assessed from the next deposit to his account. In his motion, petitioner says he has "no outside resources to help [him] pay . . . ." Therefore, I am willing to allow him an extension of 21 days time to pay the initial partial filing fee. If, however, by July 17, 2008, petitioner Armstrong is unable to pay the initial partial payment, I will consider that he has withdrawn this action and he will not owe a filing fee. In that event, if, at some future time, enough time elapses that a six-month trust fund account statement would show that he owes a smaller payment based on his smaller income, he would be free to file a new lawsuit.

ORDER

IT IS ORDERED that

1. Petitioner Armstrong's motion to waive the initial partial payment (dkt. #5)

is DENIED.

2. Petitioner Armstrong may have an enlargement of time to July 17, 2008, in which to submit a check or money order made payable to the clerk of court in the amount of $1.78.  If, by July 17, 2008, petitioner fails to make the initial partial payment, the clerk is directed to close this file without prejudice to petitioner's filing his case at a later date.

Entered this 27th day of June, 2008.

                                              BY THE COURT:

*Barbara B. Crabb*

_____
BARBARA B. CRABB
District Judge